IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DOMINICK WASHINGTON, : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. |
| v. : | 5:17-CV-315 (CAR) |
| : | |
| MOHAWK INDUSTRIES; JEFF GREEN; : | |
| BRIAN SHREWSBURY; DEREK LOVING; : | |
| JUANITA DREW; and ROBERT : | |
| STEVENSON, : | |
| : | |
| Defendant. : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is Plaintiff Dominick Washington's Motion to Proceed *In Forma Pauperis* [Doc. 2]. Plaintiff, proceeding *pro se*, seeks to initiate an employment discrimination action against his former employer Defendant Mohawk Industries and several individuals in management positions, for unlawful employment actions based his on race under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) ("Title VII"). Plaintiff has moved the Court for permission to proceed without prepayment of fees. It appears Plaintiff is unable, because of his poverty, to pay the cost of commencing this action and still provide for himself and his dependents, and therefore the Court

1

**GRANTS** his Motion [Doc. 2] to proceed *in forma pauperis*.[1] However, if Plaintiff wishes to maintain this action, **he must file a recast Complaint**, which will supercede his original Complaint, as hereinafter directed.

Under 28 U.S.C. § 1915(e), a court must *sua sponte* dismiss an indigent nonprisoner's complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[2] This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[3] A dismissal under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[4] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'"[5]

As is its duty, this Court has scrutinized Plaintiff's Complaint and has liberally

---

[1] 28 U.S.C. § 1915.

[2] 28 U.S.C. § 1915(e)(2)(b).

[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[4] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[5] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

construed all of Plaintiff's assertions.[6] Plaintiff filed his Complaint alleging Defendants failed to promote him and retaliated against him based on his color and race. To support his claims, Plaintiff alleges he was disciplined for allegedly making the wrong label, but a white worker with the same job title did the same thing as Plaintiff and was not disciplined.

First, the Eleventh Circuit has long held that suits against individuals are not allowed under Title VII, as individual Defendants are not subject to liability pursuant to Title VII.[7] Thus, Plaintiff's Title VII claims against the individually-named Defendants are inappropriate.[8]

Second, Plaintiff's allegations are insufficient to state a claim for unlawful employment discrimination. To state a prima facie case for discriminatory discipline under Title VII a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly-situated individual outside his protected

---

[6] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[7] *See Albra v. Advan, Inc.*, 490 F.3d 826, 832 (11th Cir., 2007) ("[T]his court has long held that individuals are not amendable to private suit under Title VII.").

[8] Individual supervisors with the capacity to hire and hire or those who can recommend such decisions can be held liable under 42 U.S.C. § 1981, and Plaintiff should make clear whether he intends to bring any such claims in his recast Complaint. *See, e.g., Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1176-77 (11th Cir. 2003) (noting that Section 1981 provides for individual liability).

3

class.[9]

To state a prima facie case for retaliation under Title VII, a plaintiff must show (1) he participated in an activity protected by Title VII (e.g. filed or made an informal or formal complaint of discrimination); (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action.[10]

To establish a prima facie case of discrimination in the failure-to-promote context, a plaintiff must show (1) he belongs to a protected class; (2) he applied for and was qualified for a promotion; (3) he was rejected despite his qualifications; and (4) another equally or less-qualified employee outside his class was promoted.[11]

Although Plaintiff is not required to specifically plead each of the above-identified elements to state an adequate claim, he must "provide enough factual matter (taken as true) to suggest intentional race discrimination."[12] Here, Plaintiff's Complaint fails to state a claim for relief under any of the above-identified causes of action. Regarding any discriminatory discipline or failure-to-promote claim he attempts to

---

[9] *Maynard v. Bd. of Regents*, 342 F.2d 1281, 1289 (11th Cir. 2003).

[10] *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001).

[11] *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010).

[12] *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks omitted).

state, Plaintiff fails to identify the adverse employment action he suffered. Regarding any retaliation claim, Plaintiff not only fails to state the adverse employment action he suffered, but also the protected activity he engaged in that caused Defendant's retaliation.

Rather than dismiss his claims, however, the Court will allow Plaintiff the opportunity to file a recast Complaint, if he wishes to do so, by explaining the specific episodes of discrimination and/or retaliation he suffered with respect to his employment with Defendant. Plaintiff should specifically explain how Defendant discriminated and/or retaliated against him in violation of Title VII and what adverse employment action he suffered as a result of Defendant's discrimination and/or retaliation.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** However, if Plaintiff wishes to proceed on the action, he **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. The recast Complaint must be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond within the twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will re-evaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further order**

5

**from the Court**.

**SO ORDERED**, this 26th day of October, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT