# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DOMINICK WASHINGTON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:17-cv-315 (TES) |
| MOHAWK INDUSTRIES; JEFF | : | |
| GREEN; BRIAN SHREWSBURY; | : | |
| DEREK LOVING; JUANITA DREW; | : | |
| and ROBERT STEVENSON, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

On October 26, 2017, this Court granted *pro se* Plaintiff's application to proceed *in forma pauperis* but, because he failed to state any claim upon which relief could be granted, did not order service of process on Defendants. Recognizing his *pro se* status, the Court did not dismiss the Complaint pursuant to 28 U.S.C. § 1915(e). Instead, the Court allowed Plaintiff 21 days to file a recast complaint and warned Plaintiff failure to do so will result in the dismissal of his case.[1]

In its Order, the Court specifically set forth the factual details necessary to Plaintiff to include in his recast complaint in order to state a claim for each possible employment discrimination and retaliation allegation raised in his Complaint. The Court clearly stated that "if Plaintiff wishes to proceed on the action he **MUST** submit a

---

[1] Order on Motion to Proceed *In Forma Pauperis* [Doc. 4].

recast complaint within twenty-one (21) days of the date of this Order. The recast Complaint must be filed in accordance with the directives contained in this Order."[2] This Court specifically warned that "[i]f Plaintiff fails to respond within the twenty-one (21) days, the Court will dismiss this action with prejudice."[3] Plaintiff did not respond and did not file a recast complaint.

Thereafter, Defendant Mohawk Industries filed a Motion to Dismiss for failure to prosecute. After Plaintiff failed to respond to Defendant's Motion, the Court ordered him to file a response within 14 days. Again, Plaintiff failed to respond. In fact, Plaintiff has failed to have any contact with this Court since he filed his Complaint on August 16, 2017.

This case may be dismissed for two reasons. First, as thoroughly explained in its Order on Plaintiff's Motion to Proceed *In Forma Pauperis*, Plaintiff fails to state a claim upon which relief may be granted. Thus, this case may be dismissed pursuant to 28 U.S.C. § 1915(e).

In addition, a district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent

---

[2] *Id.* (emphasis is original).
[3] *Id.* at p. 5.

authority to manage its docket.[4] Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.[5] It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."[6] Here, Plaintiff has failed to comply with the Court's Orders despite being clearly instructed to do so. Plaintiff's status as a *pro se* litigant does not excuse his failure to comply with the Court's Orders or the rules of this Court.[7] Plaintiff has taken no action in this case since filing his Complaint, and dismissal for failure to prosecute is also appropriate.

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. 5] is **GRANTED**, and this case is hereby **DISMISSED**.

---

[4] *See e.g., Betty K. Agencies, Ltd. V. M/V MONADA*, 432 F. 3d 1333, 1337 (11th Cir. 2005).
[5] Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011).
[6] *Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)).
[7] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**SO ORDERED,** this 3rd day of April, 2018.


                **S/ Tilman E. Self, III**
                **TILMAN E. SELF, III, JUDGE**
                **UNITED STATES DISTRICT COURT**